UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RYAN HAMILTON, on behalf of himself and all other
persons similarly situated,

                     Plaintiffs,                        **COMPLAINT**

  -against-

SENTRY COMMUNICATIONS, LLC,            *Collective and Class Action*
STEVEN SPINNER and BRIAN SPINNER,

                     Defendants.
------------------------------------------------------------------------X

Plaintiffs, RYAN HAMILTON ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Romero Law Group PLLC, complaining of the Defendants, SENTRY COMMUNICATIONS, LLC, STEVEN SPINNER and BRIAN SPINNER (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiff, on behalf of himself and all other similarly situated employees and former employees of Defendants, brings this lawsuit seeking recovery against Defendants for violations of the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et. seq. and allege that they and all others who elect to opt into this action pursuant to the collective action provision of, 29 U.S.C. § 216(b) are entitled to recover from Defendants: (1) unpaid wages for work performed for which they received no compensation at all; (2) unpaid wages for overtime work for which they did not receive overtime premium pay, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff also brings this action on behalf of himself, and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), to remedy violations of the New York Labor Law Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New

York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively, "NYLL"). Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to NYLL § 198.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

7. Defendant, Sentry Communications, LLC, is a domestic business limited liability company with a principal place of business located in Hicksville, New York.

8. At all times relevant, Defendant, Sentry Communications, LLC, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190(3).

9. At all relevant times, Defendant, Sentry Communications, LLC, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000.00, was engaged in interstate commerce and had employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce. Defendants' employees were engaged in the installation and servicing of alarm systems and used tools, material and equipment, much of which originated in other states.

10. Defendant, Steven Spinner, was and is a member of Sentry Communications, LLC, has authority to make payroll and personnel decisions for the company, and is active in the day-to-day management of the company, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

11. At all times relevant, Defendant, Steven Spinner, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

12. Defendant, Brian Spinner, was and is a member of Sentry Communications, LLC, has authority to make payroll and personnel decisions for the company, and is active in the day-to-day management of the company, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

13. At all times relevant, Defendant, Brian Spinner, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

**FACTUAL ALLEGATIONS**

14. Defendants install, maintain and repair alarm and security systems.

15. Plaintiff was employed by Defendants as an alarm and security system technician from in or about June 2023 through in or about September 2023.

16. Plaintiff's job duties included installing, maintaining, troubleshooting and repairing alarm systems for Defendants' customers. Plaintiff's job duties required standing for extended periods; lifting, holding and carrying heavy objects; stooping, kneeling, bending, climbing and crouching for extended periods; and using hand tools and power tools. Plaintiff

spent more than twenty-five percent of his hours worked each workweek performing such manual tasks.

17. Plaintiff regularly worked five days per week, Monday through Friday. Each workday, Plaintiff arrived at Defendants' shop in Hicksville at 6:30 a.m. and loaded the company work vehicle with tools and equipment required for the jobs he had been assigned to complete that day. Plaintiff then traveled to job sites located throughout the New York City Metropolitan area where he performed work until 3:00 p.m. Due to daily traffic, Plaintiff regularly did not return to Defendants' shop in Hicksville until approximately 5:00 p.m.

18. Defendants paid Plaintiff at a regular hourly rate of $28 per hour.

19. Defendants failed to compensate Plaintiff at all for approximately 10 hours that he spent each workweek traveling back to the Defendants' shop in Hicksville. As a result, Defendants regularly failed to pay Plaintiff for all hours worked after 40 hours per workweek at a rate not less than one and one-half times his regular rate of pay.

20. During his employment with Defendants, Plaintiff regularly worked more than 40 hours per week. However, Defendants failed to pay Plaintiff for all hours worked, and failed to pay Plaintiffs overtime at the rate of one and one-half times their regular rates of pay for hours worked in excess of 40 hours per week.

21. As Defendants did not accurately calculate Plaintiff's wages and total hours worked, Defendants failed to provide Plaintiffs with accurate statements each pay period indicating the number of overtime hours worked, overtime rates of pay and other information required by Section 195(3) of the NYLL.

22. Defendants treated and paid the Plaintiffs and the putative collective action members in the same or similar manner.

23. Defendants failed to pay Plaintiff and similarly situated persons who have worked for Defendants as alarm and security system technicians s in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by NYLL § 191.

24. Instead, Defendants paid Plaintiff and similarly situated persons on a bi-weekly basis pursuant to a company-wide payroll policy in violation of NYLL § 191.

25. Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

26. Every time that Defendant failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendant deprived him of the use of money that belonged to him. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

## COLLECTIVE ACTION ALLEGATIONS

27. At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

28. Plaintiffs also bring FLSA claims on behalf of themselves and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed similar duties including installing, maintaining, servicing and repairing alarm and

security systems at any time during the three (3) years prior to the filing of their respective consent forms.

29. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interests in bringing this action.

30. Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

31. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

32. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as alarm and security system technicians in the State of New York at

any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

33. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 40 Class Members who have worked for Defendant as alarm and security system technicians in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

34. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over 40 individuals who are currently, or have been, employed by Defendant in hourly-paid positions, such as alarm and security system technicians, in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.

35. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

36. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

37. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

38. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

39. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

40. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant savings of these

costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

41. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

42. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

43. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## OVERTIME FAIR LABOR STANDARDS ACT

44. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

45. Defendants employed Plaintiffs and the Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs and the Collective Action Plaintiffs overtime compensation for time worked in excess of forty (40) hours per week in violation of the FLSA.

9

46. Defendants' violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

47. As a result of Defendants' unlawful acts, Plaintiffs and each Opt-In Plaintiff are entitled to recovery from Defendants unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## OVERTIME NEW YORK LABOR LAW

48. Plaintiffs and each Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

49. Defendants employed Plaintiffs and each Collective Action Plaintiff who opts-in to this action for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rates in violation of New York Labor Law.

50. By Defendants' failure to pay Plaintiffs and each Collective Action Plaintiff who opts-in to this action overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

51. Plaintiffs and each Collective Action Plaintiff who opts-in to this action is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Plaintiff and Class Members are manual workers.

54. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

55. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly in violation of New York Labor Law § 191.

56. Every time that Defendant failed timely to pay Plaintiff and Class Members their wages within seven days of the end of the workweek, Defendant deprived Plaintiff and Class Members of the use of money that belonged to them.

57. Plaintiff and Class Members are entitled to damages equal to the total of the late-paid wages and reasonable attorney's fees and costs pursuant to New York Labor Law § 198(1-a).

## FOURTH CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

58. Plaintiffs and each Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

59. Defendants failed to provide Plaintiffs and each Collective Action Plaintiff who opts-in to this action with accurate statements each pay period setting forth the number of overtime hours worked, and overtime wages paid as required by NYLL § 195(3) of the Labor Law.

60. Due to Defendants' failure to provide Plaintiffs and each Collective Action Plaintiff who opts-in to this action with the notice required by NYLL § 195(3), Defendants are liable to Plaintiffs and each Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, and on behalf of all other similarly situated persons, pray for the following relief:

(i.) Certification of a collective action pursuant to 29 U.S.C. § 216(b);

(ii.)   An order authorizing the dissemination of notice of the pendency of this action;

(iii.)   Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq.;

(iv.)   Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(v.)   Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(vi.)   Issuance of a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(vii.)   Damages pursuant to NYLL § 198(1-a);

(viii.)   Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(ix.)   Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
December 19, 2023

ROMERO LAW GROUP PLLC

By:   */s Peter A. Romero*

---
Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Sentry Communications and Security, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

_Ryan Hamilton (Sep 25, 2023 11:42 EDT)_
Ryan Hamilton

09/25/2023
Date